being said, he's called the last case. 3 15 0645. Consolidated with 3 15 0646 people of the state of Illinois. Apple leaf by Nicholas Atwood versus May it please the court. Good afternoon, your honors, counsel. My name is Brian Kohut. I'm an assistant of health defender with the Office of the State of Health Defender and I represent Mr. Shaquille Diggins, the defendant in this criminal matter. Mr. Diggins entered a negotiated plea of guilty to five counts of armed robbery and was sentenced to a 32-year term of imprisonment. He did not file post-plea motions or direct appeal. He filed a post-conviction petition four years after his plea, alleging in pertinent part that plea counsel was ineffective for failing to perfect his direct appeal. Counsel was appointed and the state filed a motion to dismiss. At the hearing on the motion to dismiss, defense counsel said the petition sets forth what the petitioner wanted to say. He did not file a petition or anything on his behalf. The court allowed the state's motion, finding that the petition failed to allege an excuse for its untimely filing and that the issue lacked merit. On appeal, Mr. Diggins raises three interrelated issues. First, he argues that he sufficiently pled a substantial deprivation of the constitutional right given on the ineffective assistance of counsel claim and that his petition adequately alleged that it was not untimely due to his culpable negligence. And second, in the alternative, he raises the issue that post-conviction counsel provided unreasonable assistance for failing to amend, adequately amend the petition to adequately set forth his constitutional claims and his excuse for the untimely filing. And third, an issue that I would like to focus on here, is he alleges that, and the claim that I would like to, is whether the court failed to address his pro se complaints against post-conviction counsel. And the facts as it relates to this third issue, within 30 days of the circuit court's dismissal order, the defendant filed a notice of complaint with the circuit court. In that motion of complaint, he claimed that post-conviction counsel did not comply with Rule 651C and he failed to consult with him about an issue that he wanted raised, whether the firearms actually constituted firearms or, as he claimed, they were just BB guns. He said he case-filed to support his position and said that he brought these cases to counsel's attention. The circuit court ignored that motion. The circuit court should have made a preliminary inquiry into his pro se allegations of unreasonable assistance. As this court is well aware in the trial context, People v. Cranko requires that when a pro se defendant raises an allegation of ineffective assistance of trial counsel, the circuit court has a duty to make an inquiry into the factual basis of that allegation. And the reason why such an inquiry gives the circuit court the opportunity to correct the errors in the circuit court, it limits the issues on appeal and provides a necessary record for this court to review. That same inquiry should also apply in the post-conviction context for the same rationale. As well, the circuit court has the opportunity to correct the errors appearing before that court. It would limit the issues on appeal and it would develop the necessary record. And here, in this case, we might just have one issue, appeal, that the circuit court would have conducted an adequate inquiry. And furthermore, the facts and circumstances are much clearer to the parties in the court if the court is required to make an inquiry into the pro se claim at the time it's made. Here, we're dealing with issues that were raised two and a half years ago already, so it's not necessarily timely at this point. And furthermore, it's not unduly burdensome on the circuit court to make an inquiry into those pro se claims at the time that they're made. It can amount to just a few questions. Did you consult with the defendant? Did you listen to him about this issue? Why didn't you raise it? Quite simply. Furthermore, Your Honor, there's no alternative recourse for a pro se defendant making these inquiries. If the judge could just ignore them, there's nothing he could do about it. He can't file a successive post-conviction petition alleging the unreasonable assistance of counsel for failing to meet his requirements under Rule 651C, because that's a statutory claim. And, of course, the Post-Conviction Hearing Act requires constitutional claims to be made. So he has no recourse if the judge is not required to look into these issues that he raises at the time. The State does not argue that this is a bad idea. It does not. It provides no rationale for barring a crankle-type inquiry in the post-conviction context. Instead, the State makes a jurisdictional argument. And here, the defendant filed his pro se claim motion of complaint is what he titled it. At the same time, he filed a notice of appeal. Both of the motions were separately file stamped, and it's apparent that they were mailed in the same envelope, and it's just a matter of which one is filed stamped first as to whether the pro se claim was filed before the notice of appeal or if it was filed after the notice of appeal. However, the circuit court should be considered to have jurisdiction over the matter, because, of course, if it's filed before the notice of appeal is filed, then the circuit court has to hear the motion. The circuit court has jurisdiction over the issue. Then the crankliness prodigy, progeny, the circuit court has to make that inquiry into those allegations. If it was filed after, technically if it's considered filed after the notice of appeal, then the circuit court should have struck the notice of appeal or stayed it or delayed it to hear that pro se inquiry under Rule 606B that allows for the circuit court to hear those timely post-judgment motions directed against the judgment. In any event, this court should construe that this motion of complaint was actually filed before the notice of appeal, because, as I said, they're filed on the same date. It's apparent they were mailed in the same envelope. So what likely happens is the clerk opens the envelope, stamps both of them, so it's a matter of we don't really know which one came first. But it should be construed that the motion of complaint should be filed first, because it should not rely on which way the clerk opens the envelope or which way the clerk stacks the separate motions as to which one is filed first.  And we're also looking at indigent pro se defendants. Here the client was, Mr. Diggins was in Lawrence Correctional Center. They only have so much access to papers, pens, envelopes, stamps. It would be unreasonable to require them to make separate mailings to mail the motion of complaint before they mailed the notice of appeal to make sure that it was file stamped on separate days. So the equities show that that motion should be construed as being filed before that notice of appeal, and the circuit court should be required to hear it because it's filed before that notice of appeal. The state also makes a second alternative argument, essentially stating that there's no constitutional right to the reasonable assistance of counsel. Constitutional right to the appointment of counsel in a self-convicted proceedings. Of course, that's right. It's a statutory right. But there should be no difference for Krenkel-type inquiry purposes because the rationale is the same in both contexts, whether it's post-trial or post-conviction dismissal. The rationale is that the circuit court should clear up its own errors, should limit issues for appeal, and should present a necessary record. It would apply in both circumstances just equally. It's just the standard that's different, whether counsel is ineffective constitutionally after trial, as opposed to whether counsel complied with the Act and Rule 651C in the post-conviction context. So there really should be no difference between whether there's a constitutional or statutory right to counsel. The defendant's making the pro se complaint against counsel. It just has to meet the appropriate standard. Has there been any case law, to your knowledge, that allows that? There's really no case law directly on point either way. The closest case is a case that's not cited in the briefs, and that's – I'll provide a motion to add authority. Please. It's a second district case. It's Peoples v. Powers. That's 376 L. App. 3rd, 63. It's a 2007 case. In that case, counsel – they had a motion to – it was a post-conviction petition. It was dismissed. About six days later, counsel filed a notice of appeal. The next day, the pro se defendant filed a motion to reconsider the dismissal of that post-conviction petition. Well, let's do this. In fairness to your opponent, why don't you file – I think we can feel comfortable, granted you leave now, to file within how many days? A week. Okay, a week. And a supporting argument. And counsel, 14 days thereafter – you had some time to look at this. So do 14 days thereafter and seven days after for you when you're doing your proposal. Yeah, and if this court would prefer, there's a case that just came out of this court in the past two weeks that states that – in that case, there was a notice of appeal that was mixed with a pro se claim of ineffective assistance to counsel in one motion. And this court held that the pro se motion was not timely because it was filed at the same time as the notice of appeal. This court also held that the people of New Patrick did not – Rule 606 did not require that the circuit court strike that notice of appeal and hear that pro se motion. So if this court would prefer, perhaps we could – Supplement. Yes. Whatever it is you want to supplement. If that would be preferable to your – You know, do our best to get it right. And so the same thing applies. So in this seven days, whatever cases you want to add and with supporting argument, and as you've indicated, maybe you'll also make it aware of cases that don't support your position. Oh, absolutely. Yes. Okay. Yeah, and I think you're right. Again, the rationale for the circuit court making an inquiry into a pro se defendant post-conviction dismissal, allegations of unreasonable assistance of counsel are the same in the post-conviction context as they are in the trial context. So under the – people be crankle in this progeny should be applied to the post-conviction hearing act just the same as it is at trial. And for these reasons, Mr. Diggins respectfully requests that this court remand his case for just such an inquiry as to issue three. Thank you, Your Honor. Thank you. Mr. Atwood. Thank you. Good afternoon, Your Honors, counsel. May it please the court. My name is Nicholas Atwood and I'm appearing on behalf of the people of the state of Illinois in this matter. Today I'll be arguing off-brief in place of Laura B. Allen. There are three main issues that are before the court. The first issue is whether the trial judge properly dismissed the post-conviction at the second stage. The second issue is whether post-conviction counsel provided reasonable assistance. And third, as counsel has focused whether or not the trial court was obligated to inquire into the petitioner's post-conviction motion for complaint, I believe it was called. I'll address that issue first since he spent most time on that. As was stated, there is no case law or authority that establishes that these crankle-type inquiries can be based off of a claim of unreasonable assistance of counsel. These claims are limited specifically to constitutional issues and not statutory issues, as is the case with an unreasonable assistance claim. That's a statutory right provided by the Post-Conviction Relief Act. Moreover, these types of cases where counsel alleges that it will be more efficient for the trial court to deal with these issues because there's really no right for these cases to be appealed to this level, it's not going to be more efficient judicially. This is going to create a waterfall of cases where every defendant who loses at the second stage is going to allege some sort of an unreasonable assistance of counsel claim. It's also not necessarily accurate that these claims don't get appealed. There's a significant amount of case law where these issues have been attached to other issues that were claimed on appeal. For example, People v. Greer is one of these cases. That's a Supreme Court case here. One of the other things I think is important to note, in addition to the fact that there's no case law authorizing the court to make this type of inquiry, is that the issues presented in this appeal, specifically the allegations made in this motion for complaint, aren't really right for this issue because there's other case law that establishes that claims that are made in these unreasonable assistance of counsel claims, they need to have at least some sort of merit and colorable claim of law. If we look at the claims that were made in this case, they don't have any merit. In his motion for complaint, the defendant is essentially alleging that he told counsel of his claim that this wasn't actually a firearm that was used because the firearm enhancement had applied to the sentence that the defendant received and therefore extended the sentence. This claim is completely without merit because it's directly contradicted by the record before the court. In the trial court, it was established that, first of all, it was a factual basis for the pleading that the defendant acknowledged and admitted to when he entered his plea. Second, the victims of this case, a few of them testified at trial. One of them testified that he was familiar with guns and knew a little bit about guns. All the victims testified that of the three assailants, including the defendant, a shotgun was present. Additionally, there was at least some testimony that established that there was one or two pistols carried by the other assailants. And one of these men had this pistol pointed at him and could identify the fact that it was actually a revolver because he could see the bullets inside. So clearly, the record completely contradicts any notion that firearms weren't used. In the cases cited by the defendant, one of those cases involved a BB gun. Another one of those cases involved like an airsoft toy gun that looked a lot like a pistol. But here, the record completely refutes that notion. And so this isn't really a right case. A more right case, for example, would have been one that was cited in the brief that was People v. Jennings. In that case, counsel had not complied with 651C because it was clear that he'd only reviewed the case file. The record had never even been sent to counsel. And additionally, the record seemed to indicate that counsel billed for approximately 12 minutes of time to review that. Furthermore, the case indicates, but I don't recall exactly what the facts were, that there were other non-frivolous claims. That's the kind of case that should be used to set what will be a brand-new precedent that's essentially going to change 30 or 40 years of jurisprudence in this state. And that's what I believe. Are you saying that it's okay for us to do this in another case? Yes, I think it would be more appropriate in another case because the facts really don't support the trial judge inquiring into this motion because there's no merit to this motion. And so I don't think it sets an appropriate precedent to get rid of 30 or 40 years of existing precedent. Because as we've seen, the petitioner is allowed a reasonable assistance of counsel because it's essentially a second bite at the apple. He's already had an appropriate full trial with all the facts heard before a trial of fact. He had the opportunity to make ineffective assistance of counsel claims, which he has with his plea counsel. But to create this whole new avenue for reasonable assistance claims to be tacked on at the end of all these cases, like I said earlier, is just going to cause every defendant to ask for these types of cases. And it's just going to extend the life of these cases. I guess now turning back to the first issue, for the whole purpose anyway, the defendant's petition was untimely. He filed that petition four years after his sentence, and as was stated in the factual statement by the defendant, there was no appeal that was filed. And so the evidence of the case established that, and this was defendant's claims, there is no actual evidence of this, but the defendant claims that once a year, for the next three years, he sent letters to his trial counsel to inquire as to the status of the motions that he says he asked her to file. But these letters aren't presented as part of the evidence. The only thing we realize is that the defendant received a letter sometime in 2014 that was returned to him because the trial counsel had actually died. And so he received a file stamp letter that said to cease that. And after that is when he finally contacted the circuit clerk's office to inquire. And I think it's completely unreasonable if the defendant fails to show how he wasn't culpably negligent for not contacting the circuit clerk's office sooner after not hearing any updates about his appeal for over three years. And I think that establishes the fact that the court properly dismissed this issue on that alone. Do we know when she died? I don't believe that's part of the record, when she died. She did, she was deceased. I actually did look that up online to determine whether or not. Correct. And so we know that that letter was sent, I believe in 2014, according to the facts. And that the defendant shortly thereafter filed the appeal that created this case. In addition, not only was this case untimely, but the claims that were brought up in this petition were meritless. The defendant first claimed that counsel wasn't affected for failing to perfect the appeal. And so in doing that, the defendant must allege there was a substantial showing of a constitutional violation. And here, in the post-conviction context, the defendant's got to establish that there were some grounds with which he could have established a motion to withdraw that plea. And he fails to do so. The defendant's petition basically alleges that as grounds for withdrawal of the plea, that he was promised a sentence of 15 years, but he received a sentence of 32 years. This is directly refuted by the record in numerous instances. The record reflects that the defendant was told 16 times that his plea sentencing range was from 21 to 32 years. And that was in part because of the firearms enhancement. In fact, because of the firearms enhancement, the defendant was never capable of receiving a sentence of 15 years. It was not possible. However, during his admonishments, the defendant agreed that this was the range. He acknowledged that no other promises had been made. And the record shows that no other promises were made. All these facts are based off of things the defendant says, but cannot cite to establish that there's any veracity to those claims. In his brief, the defendant argues that the record doesn't contradict that the defendant asked for an appeal, because on page 172 of the record, counsel appears to ask for something, but is then interrupted by the defendant, who says, quote, don't even ask for that bullshit. So if trial counsel was going to ask for an appeal, we don't know exactly what she was going to ask for. It seems clear that the defendant explicitly told her, do not file an appeal. And then no appeal was forthcoming, so it tends to support the fact that the defendant did not want an appeal filed in this case. And thus, it was on him, when he was admonished, that he had 30 days to file an appeal to do so. And instead, he waited over three years. So not only were these untimely filings, they were also meritless. And I would piggyback onto that argument, there's one final reason that this case could have been dismissed, was because there were no other affidavits or records or evidence filed with this petition to support the claims made in it. The defendant did file what he called an affidavit, but it doesn't comport with the standard for affidavits, because it does not contain a notary mark, there's no date, and there is no sworn statement as to the truth. And so under the Supreme Court case of Hubel v. Collins, it would be acceptable for the trial court to dismiss on that alone. Now, however, the court didn't address that issue, but it is the third and legitimate reason for dismissal. If there are no other questions, I'll rest on the brief with regard to issue two. Thank you. Thank you, Mr. Atwood. Mr. Collins, I'm rebuttal. Thank you, Your Honor. I'd like to start out addressing the State's argument about the affidavit. There was a verification in the post-conviction petition. The Post-Conviction Hearing Act only requires affidavits or other evidence. In his post-conviction petition and his affidavit, he claimed, specifically claimed, and these allegations are true, supposed to be true at this stage of the post-conviction proceedings, that he told his counsel, his attorney, to file post-plea motions and a notice of appeal. The only other person who could have supplied an affidavit to rebut these claims or to support these claims would have been counsel herself. He's alleging the ineffective assistance of counsel. He can't expect counsel to support his claim with her affidavit, and as this Court pointed out, she's deceased at this point. As well, there's no cases either way. There's no cases stating that crankle inquiry does not apply in a post-conviction context. Just to point that out. And what we're asking for here is just a simple extension of crankle, and it would actually resolve more issues than would be raised. We repeatedly raise these unreasonable assistance of counsel claims based on things that were not raised in the post-conviction petition. If the pro se defendant were allowed to make claims against counsel, and the circuit court were required to hear those claims, those claims could be refuted. Counsel could say the reason why I didn't include this issue in the amended petition is for ABC. Here, the state claims that the petition was untimely, and the state claims that the defendant did not plead a valid excuse for its untimeliness. There's no statement in the post-conviction petition stating, you know, this is the reason why I could not file this petition timely. But counsel was appointed to represent him. Counsel should have amended that petition to explain why he could not file that petition in a timely fashion. If there was some reason outside the record that counsel knew about where he could say, the reason why I couldn't file this petition is because I had proof that he never sent these letters to counsel, then that would clear that issue up completely for this court. So the rationale is not just to create issues for this court. It's to limit issues. It's to resolve those issues in the circuit court. Let me ask you this. Policy, do you think that would make life easier in the appellate defender's office and ultimately the appellate prosecutor's office? I mean, is there some policy behind extending that to that? Yes. Yes, the short answer is yes. I'm not saying that. Do you think it would streamline as opposed to exacerbate the process? I believe it would resolve more issues than it would create. And this case is a perfect example. We have three issues presented for this court on appeal. If the circuit court would have heard his pro se allegations, we might just have the substantive issue before this court. We might not have an unreasonable assistance of counsel claim. We might not have this post-conviction inquiry on allegations of unreasonable assistance of counsel. If the circuit court were just taking the time to have, and it would not be burdensome on the court. It's just a few questions. Why didn't you rate it? Did you consult with client? And one other thing I would like to point out. Counsel here filed a 651 C certificate stating specifically they consulted with the client to ascertain his deprivation of constitutional rights. He made any amendments to the petition necessary for to properly present those claims. His most pro se defendants motion of complaint directly contradicts that 651 C affidavit certification. Circuit court should have heard that. So when there's issues like this, whether counsel consulted with the defendant, there's not going to be anything of record to show whether he did not. You're going to have counsel file a 651 C certificate saying he consulted with the defendant. Here it makes a pro se claim that he did not do it. And there's no request for the defendant if that did not happen. So I think it would resolve many more issues than it would make. It would be a simple inquiry. It would limit issues here. And if there are potential issues, then it would provide the necessary record for those issues. And I thank you, Your Honor. Mr. Atwood, thank you also. This matter will be taken under advisement. Written disposition will be issued. And as I indicated previously, Judge McDade will be participating in the resolution of this matter. The court will be in recess until 9 a.m. tomorrow.